**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAVIER ANTONIO BLANDON-CHEVEZ, ) | Case No. ED CV 26-2287 FMO (RAO) |
| Petitioner, ) | |
| v. ) | **ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS** |
| WARDEN, DESERT VIEW FACILITY, et al., ) | |
| Respondents. ) | |

The court has reviewed and considered all the briefing filed with respect to Javier Antonio Blandon-Chevez's ("petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1, "Petition"). In their combined response to the Petition and Ex Parte Motion for Temporary Restraining Order (Dkt. 2), respondents concede that petitioner is a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, 2025 WL 3288403, *9 (C.D. Cal. 2025), and state that, "to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (Dkt. 7, Respondents' Answer and Response ("Response") at 2). This is the only claim respondents address in their Response. (See, generally, Dkt. 7, Response). In other words, respondents did not address or provide any response to petitioner's due process claim, or, for that matter, any of petitioner's claims. (See, generally, id.); (see Dkt. 1, Petition at ¶¶ 37-49). Accordingly, the court construes respondents' failure to address petitioner's due process claim as

a concession.[1]  See, e.g., Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's response to the petition failed to respond to numerous claims raised in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Based on the foregoing, IT IS ORDERED THAT:

1.  The reference to the Magistrate Judge is hereby withdrawn.

2. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 1)** is **granted** as set forth in this Order.

3.  Respondents shall release petitioner forthwith with all personal effects seized from petitioner, including all identification documents and immigration documentation.  Respondents shall not  impose any release restrictions (e.g., electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

4. Respondents shall file with the court a Notice of Compliance within forty-eight (48) hours of releasing petitioner.

5. Respondents shall not re-detain petitioner without providing petitioner with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and/or detention, and a pre-deprivation bond hearing before an immigration judge.  Petitioner shall not be detained unless respondents demonstrate at a pre-deprivation hearing that petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

---

[1]  Because the court grants petitioner's requested relief on procedural due process grounds, it need not reach petitioner's other claims for relief.

6.  Petitioner's <u>Ex</u> <u>Parte</u> Motion for Temporary Restraining Order **(Document No. 2)** is **denied as moot**.

7.  Judgment shall be entered accordingly.

Dated this 13th day of May, 2026.

/s/
_____
Fernando M. Olguin
United States District Judge
